# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 13, 2020

161277 & (26)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DAVID MICHAEL BARBER,
        Defendant-Appellant.

_____/

SC: 161277
COA: 352361
Antrim CC: 19-004936-FH

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

       On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the April 28, 2020 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the April 17, 2020 order of the Antrim Circuit Court denying the defendant's emergency motion for bond pending appeal. It is undisputed that MCL 770.9a(2) applies to the defendant's motion. In addition, under Administrative Order No. 2020-1 (issued March 15, 2020), "[d]uring the state of emergency, trial courts should be mindful that taking reasonable steps to protect the public is more important than strict adherence to normal operating procedures . . . ." The trial court abused its discretion in its consideration of the existing statutory factors along with the public health factors arising out of the present state of emergency. The trial court did not address the first factor under MCL 770.9a(2)(a), and it is not obvious from the record that the defendant poses a danger to others. While the trial court considered MCL 770.9a(2)(b), its conclusory determination that the defendant's appeal does not raise a substantial question of law or fact failed to consider the timing of the defendant's emergency motion and that the plain language of the statute does not require a showing of success on appeal. Finally, the trial court clearly erred in its factual determinations regarding the public health emergency. Contrary to the trial court's statements, there are many indications that incarcerated individuals are at a greater risk of COVID-19 infection. See, e.g., Executive Order 2020-62 (issued April 26, 2020) (directing the implementation of COVID-19 protocols to "provide essential protections to vulnerable Michiganders who work at or are incarcerated in prisons, county jails, local lockups, and juvenile detention centers across the state"). Moreover, the trial court clearly erred by failing to adequately consider the defendant's documented health conditions. Accordingly, we REMAND this case to the Antrim Circuit Court for reconsideration of the defendant's motion in light of this order and the defendant's current medical condition. We do not retain jurisdiction.



     I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 13, 2020



b0512p

Clerk